Case Nos. 22-2088/22-2104

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

GERALD NOVAK; ADAM WENZEL

Plaintiffs-Appellants

v.

WILLIAM L. FEDERSPIEL, in his official and personal capacities

Defendant-Appellee

---

## ON APPEAL FROM THE U.S. DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

---

## <u>BRIEF OF DEFENDANT-APPELLEE</u>
## <u>WILLIAM L. FEDERSPIEL ON APPEAL</u>

## ***ORAL ARGUMENT REQUESTED***

Douglas J. Curlew (P39275)
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Ph: (734) 261-2400
Attorneys for Defendant-Appellee

{01778045-1}

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 21-1339 _____   Case Name: Freed v. Thomas, et al. _____

Name of counsel: Douglas J. Curlew _____

Pursuant to 6th Cir. R. 26.1, Michelle Thomas and County of Gratiot, MI _____
*Name of Party*

makes the following disclosure:

1.   Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the
     identity of the parent corporation or affiliate and the relationship between it and the named
     party:

> No.

2.   Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
     in the outcome?  If yes, list the identity of such corporation and the nature of the financial
     interest:

> No.

---

**CERTIFICATE OF SERVICE**

I certify that on _____ April 13, 2021 _____ the foregoing document was served on all
parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not,
by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Douglas J. Curlew _____
17436 College Parkway _____
Livonia, MI 48152 _____

---

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs,
immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

**6th Cir. R. 26.1**
**DISCLOSURE OF CORPORATE AFFILIATIONS**
**AND FINANCIAL INTEREST**

(a) **Parties Required to Make Disclosure.** With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement. A negative report is required except in the case of individual criminal defendants.

(b) **Financial Interest to Be Disclosed.**

(1) Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal. A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2) Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c) **Form and Time of Disclosure.** The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

# **TABLE OF CONTENTS**

Table of Authorities ........................................................................ ii

Statement Regarding Oral Argument ........................................ vi

Jurisdictional Statement ................................................................ 1

Counter-Statement of Issues Presented for Review ................... 2

Counter-Statement of the Case .................................................... 4

Summary of Argument ................................................................ 16

Argument ...................................................................................... 19

I.   THE DISTRICT COURT PROPERLY CHOSE TO ABSTAIN
     TEMPORARILY, PENDING A DECISION BY THE MICHIGAN
     SUPREME COURT REGARDING THE DISTRICT COURT'S
     CERTIFICATION OF QUESTIONS ................................................ 19

II.  THE DISTRICT COURT PROPERLY STAYED PROCEEDINGS ............ 23

III. THE DISTRICT COURT PROPERLY STRUCK NOVAK'S AND
     WENZEL'S AMENDED COMPLAINT ........................................ 24

Conclusion and Relief Requested ............................................... 35

Certificate of Compliance ........................................................... 36

Certificate of Service .................................................................. 36

Record Appendix Making Designation of Documents ............... 37

# TABLE OF AUTHORITIES

## Cases

*Adair v. Michigan*, 470 Mich. 105, 680 N.W.2d 386 (2004)................................ 30

*Barany-Snyder v. Weiner*, 539 F.3d 327 (6th Cir. 2008) ..................................... 27

*Bauserman v. Unemployment Insurance Agency*, 509 Mich. 673 N.W.2d 855 (2022) ........................................................................................ 27, 29

*Bellotti v. Baird*, 428 U.S. 132 (1976).................................................................. 21

*Butler v. Michigan State Disbursement Unit*, 275 Mich. App. 309, 312, 738 N.W.2d 269 (2007) .................................................................. 32

*Cedar Pointe Nursery v. Hassid*, ___ U.S. ___, 141 S. Ct. 2063 (2021) ............ 23

*Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554 (6th Cir. 2010).............................................................. 17, 22

*Doe v. Michigan State University*, 989 F.3d 418 (6th Cir. 2021)........................ 25

*F.T.C. v. E.N.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) ....................... 24

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981)............................... 31

*Foster v. Foster*, 509 Mich. 109, 983 N.W.2d 373 (2022).................................... 31

*Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022)................................................................ 12, 14, 19, 27, 28

*Graves v. Mahoning County*, 821 F.3d 772 (6th Cir. 2016)................................. 25

*Harris County Commissioners Court v. Moore*, 420 U.S. 77 (1975) ........... 17, 21

*Jones v. Coleman*, 848 F.3d 744 (6th Cir. 2017) ..................................................... 1

*Jones v. Powell*, 462 Mich. 329, 612 N.W.2d 423 (2000) ............................. 19, 29

*Kentucky v. Graham*, 473 U.S. 159 (1985)..............................................31

*Landis v. North American Co.*, 229 U.S. 248 (1936)......................17, 24

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Ins.*,
___ U.S. ___, 140 S. Ct. 1589 (2020)..............................................18, 29

*Ludwig v. Township of Van Buren*, 682 F.3d 457 (6th Cir. 2012) ..............18, 30

*McCoy v. Michigan*, 369 Fed. Appx. 646 (6th Cir. 2010) ..............................31-32

*Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75 (1984)..18, 30

*Monat v. State Farm Ins. Co.*, 469 Mich. 679, 695, 677 N.W.2d 843
(2004) ..............................................................................................33

*Morden v. Grand Traverse County*, 275 Mich. App. 325, 738 N.W.2d
278 (2007) ..........................................................................................32

*Mullaney v. Wilbur*, 421 U.S. 684 (1975)..............................................21

*Novak v. Federspiel*, No. 21-1722, 2022 WL 3046973
(6th Cir. August 2, 2022) ..................................................................12

*Novosteel S.A. v. United States*, 284 F.3d 1261 (Fed. Cir. 2002)........................27

*Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447 (6th Cir. 2009)....20

*People v. Gates*, 434 Mich. 146, 452 N.W.2d 627 (1990) ....................................33

*People v. Washington*, 134 Mich. App. 504, N.W.2d 577 (1984)........................28

*Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 672 N.W.2d
351 (2003) ..........................................................................................32

*Rodic v. Thistledown Racing Club, Inc.*, 614 F.2d 736 (6th Cir. 1980) ............10

*Saginaw Housing Commission v. Bannum, Inc.*, 576 F.3d 620
(6th Cir. 2009)....................................................................................19

{01778045-1}

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008)............................... 27

*Smith v. Dep't of Public Health*, 428 Mich. 540, 410 N.W.2d 749 (1987)......... 29

*Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust Dated June 27, 2022*, 410 F.3d 403 (6th Cir. 2005) .............. 33

*Swanigan v. FCA US LLC*, 983 F.3d 779 (6th Cir. 2019) ................................... 25

*United States v. Chambers*, 192 F.3d 374 (3rd Cir. 1999)................................... 28

*United States v. Francis*, 646 F.2d 251 (6th Cir. 1991)....................................... 28

*Viele v. D.C.M.A.*, 167 Mich. App. 571, 423 N.W.2d 270 (1988)...................... 31

*Whitcraft v. Wolfe*, 148 Mich. App. 40, 384 N.W.2d 400 (1985) ...................... 32

*York v. Civil Service Commission*, 263 Mich. App. 264, 689 N.W.2d 533 (2004) ......................................................................................................... 32

## Statutes

18 U.S.C. §922(d)(9) and (g)(9) ............................................................................ 5

Mich. Comp. Laws §28.422(1) .............................................................................. 6

Mich. Comp. Laws §600.2920......................................................................... 20, 32

Mich. Comp. Laws §600.4703(5) ............................................................. 13, 16, 22

Mich. Comp. Laws §600.4704(1)(a)-(e)................................................................. 7

Mich. Comp. Laws §600.4705.................................... 2, 8, 9, 13, 16, 21, 22, 31, 33

## Rules

Fed. R. Civ. P. 15(a)(1)...................................................... 18, 26, 27, 34

Fed. R. Civ. P. 15(a)(2) ...................................................................... 18, 26

Mich. Ct. R. 3.105 ................................................................................. 32

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Defendant-Appellee Federspiel requests oral argument.   The Plaintiffs-Appellants' principal brief has mischaracterized both the facts and the law.  It is anticipated that such mischaracterizations will arise in the Plaintiffs-Appellants' reply brief as well.  Oral argument will be the only opportunity for Defendant-Appellee Federspiel's counsel to rebut such mischaracterizations.

# JURISDICTIONAL STATEMENT

In light of this Court's holding in *Jones v. Coleman*, 848 F.3d 744 (6th Cir. 2017) as referenced by Plaintiffs-Appellants Novak and Wenzel, Defendant-Appellee Federspiel is forced to accept that this Court has jurisdiction over the present appeals as described by the "jurisdictional statement" of the Appellants.

## <u>COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

I.    WHERE PLAINTIFFS-APPELLEES NOVAK AND WENZEL SOUGHT SUMMARY JUDGMENT WITH REGARD ONLY TO THEIR STATE-LAW "CLAIM AND DELIVERY" COUNT, DID THE DISTRICT COURT ERR BY ADDRESSING THAT CLAIM ALONE AND DOING SO WITHOUT RULING ON NOVAK'S AND WENZEL'S FEDERAL CLAIMS?

Plaintiffs-Appellants Novak and Wenzel answer: "Yes."

Defendant-Appellee William L. Federspiel answers: "No."

II.   WHERE NOVAK AND WENZEL ARE SUBJECT TO AN UNAPPEALED STATE COURT JUDGMENT DIRECTING THAT THEY MUST SEEK POSSESSION OF THE GUNS AT ISSUE THROUGH THE SPECIFIC STATUTORY PROCEDURES OF MICH. COMP. LAWS §600.4705 (AND *NOT* "CLAIM AND DELIVERY"), DID THE DISTRICT COURT ERR BY ABSTAINING FROM GRANTING SUMMARY JUDGMENT ON THE "CLAIM AND DELIVERY" COUNT, PENDING POTENTIAL STATE-COURT ANSWERS TO CERTIFIED QUESTIONS REGARDING THE INTERACTION OF MICH. COMP. LAWS §600.4705 WITH STATE-LAW "CLAIM AND DELIVERY"?

Plaintiffs-Appellants Novak and Wenzel answer: "Yes."

Defendant-Appellee   William   L.   Federspiel answers: "No."

III.   DID THE DISTRICT COURT ABUSE ITS DISCRETION BY EXERCISING ITS INHERENT POWER TO STAY PROCEEDINGS PENDING ANSWER OF ITS CERTIFIED QUESTIONS BY THE MICHIGAN SUPREME COURT?

Plaintiffs-Appellants Novak and Wenzel answer: "Yes."

Defendant-Appellee   William   L.   Federspiel answers: "No."

IV.   WHERE NOVAK AND WENZEL EXPRESSLY SOUGHT TO AMEND THEIR COMPLAINT "BY LEAVE," BUT THEN FILED THEIR AMENDED COMPLAINT BEFORE THEIR MOTION WAS RULED UPON, DID THE DISTRICT COURT ABUSE ITS DISCRETION BY STRIKING THE AMENDED COMPLAINT?

Plaintiffs-Appellants Novak and Wenzel answer: "Yes."

Defendant-Appellee   William   L.   Federspiel answers: "No."

## COUNTER-STATEMENT OF THE CASE

### Introduction.

Plaintiffs-Appellants Gerald Novak and Adam Wenzel demand possession of fourteen guns from Saginaw County Sheriff Federspiel, together with damages for Federspiel's allegedly unlawful refusal to hand the weapons over to them. Novak and Wenzel assert that there is merely "a paperwork standoff" and, further, that federal law mandates turnover of the guns to Novak and Wenzel.

But there is no "paperwork standoff," because Novak and Wenzel have repeatedly admitted that they have no documentary proof of any ownership interest in the firearms. Nor can federal law command turnover of the guns to Novak and Wenzel, because Novak and Wenzel are subject to a binding state-court judgment declaring specific statutory procedures by which they must pursue their claim.

### Substantive Facts.

Annoyed by his daughter's crying, Benjamin Heinrich used a rifle from a cabinet in his residence to threaten the child's mother into leaving. **(R. 20-2, Pg ID 1561-1562, Crime Report, pp. 2-3)**. In the context of arresting Heinrich for felony aggravated domestic assault, sheriff deputies seized thirteen long guns and a pistol found in the house. **(R. 20-2, Pg ID 1562-1568, 1574, Crime Report, pp. 3-9 and**

**Follow Up Report, p. 1).**[1]  Photographs document the array of guns found on the premises.  **(R. 20-3, Pg ID 1579-1594, Sheriff's Department Photographs)**.

It is undisputed that Heinrich pled guilty to the offense of domestic violence.  **(R. 20-4, Pg ID 1596, State Criminal Court Docket, p. 1, "Charges: Disposition:" Wenzel/Novak Appellant Brief, p. 5)**.  Therefore, none of the weapons could be returned to him.  18 U.S.C. §922(d)(9) and (g)(9).

Following Heinrich's conviction, Plaintiffs-Appellants Gerald Novak and Adam Wenzel then appeared.  They claimed to be the owners of the weapons and demanded possession of them from the Sheriff's Department.

Novak and Wenzel argue that they "undisputedly" did not authorize or condone Heinrich's actions and are " innocent owners" of the guns.  **(Appellants' Principal Brief, p. 5)**.  But a photo of Heinrich brandishing one of the guns, together with his use of one in the domestic violence incidence, demonstrate that Heinrich had authorization from someone to use the guns.  **(R. 20-3, Pg ID 1578, Photograph of Heinrich)**.  It remains an open question what role Novak or Wenzel played in Heinrich's illegal use of a gun to threaten the mother of his child.

---

[1]Novak and Wenzel describe the residence as a "deer-hunting cabin." **(Novak/Wenzel Appellant Brief, p. 4)**.  In fact, the residence is a house, with a kitchen, a living room and a garage.  **(R. 20-2, Pg ID 1561, Crime Report, p. 2)**. Had this case proceeded to discovery, Sheriff's Department photographs - - showing the residence to be a full size house (with an attached garage) - - would have been added to the record.

And, whether "innocent" or not, there is no documentary basis for Wenzel or Heinrich to claim to be "owners" of the weapons. Novak and Wenzel admit that they have no paperwork to prove any ownership interest in the guns. **(R. 20-9, Pg ID 1621, Novak Affidavit, 3/12/20, ¶ 4; R. 31-6, Pg ID 1855, Novak Declaration, 9/2/21, ¶ 11; R. 20-10, Pg ID 1625, Wenzel Affidavit, 5/15/20, ¶ 5; R. 31-7, Pg ID 1856, Wenzel Declaration, ¶ 5).** Neither Novak or Wenzel have produced the license that would be required for them to take possession of the pistol. Mich. Comp. Laws §28.422(1).

As discovered by the district court, Heinrich has apparently been living in the house for some period of time, with Novak gaining interest in the premises only recently. **(R. 37, Pg ID 2063, Opinion and Order, p. 8, n. 5).** Whether (and why) Novak or Wenzel would be storing an arsenal of weapons at the home remains another open question.

Notably, Novak and Wenzel contend that Sheriff Federspiel somehow violated the law by not initiating forfeiture proceedings and providing them written notice. **(Novak/Wenzel Brief, pp. 5-6).** But nothing in Michigan law mandates that forfeiture must be undertaken. And, in Saginaw County, forfeiture proceedings are initiated at the discretion of the prosecutor, not the sheriff.

As for notice of the seizure, such notice is owed only to (1) "the person charged" with the crime to which the seizure is related, (2) the "victim" of that crime,

and (3) persons with a "known" or recorded ownership or security interest in the seized property.    Mich. Comp. Laws §600.4704(1)(a)-(e).    Neither Novak nor Wenzel were charged with relation to the criminal assault by Heinrich.    Nor were they victims of it.    And there is no evidence of any basis by which the Sheriff could have known that Novak or Wenzel had any ownership (or security) interest in the guns.    Again, Novak and Wenzel admit that they *themselves* have no proof of ownership.

There is certainly no rationale for a law enforcement agency to surrender fourteen firearms to persons who cannot demonstrate any legal right to them or (with regard to the pistol) the necessary license to possess them. With Novak and Wenzel offering no paperwork, no license, and nothing but their own say-so, the Saginaw County Sheriff's Office rejected their demand for the guns. Novak and Wenzel then sought the guns by way of two successive "claim and delivery" actions in the Michigan courts.

Novak and Wenzel filed their first "claim and delivery" action in Michigan's 10th Circuit Court against the Saginaw County Sheriff's Office (later amended to add the "Saginaw County Sheriff" as a defendant).    A series of competing motions resulted in an opinion and order "granting judgment" to both the sheriff and the Sheriff's Office.    **(R. 11-15, Pg ID 1135-1144, State Circuit Court Opinion and**

**Order)**. Neither Novak nor Wenzel appealed any aspect of this judgment, which encompassed two key rulings.

First, the state circuit court ruled that any claim to recover the New England .410 rifle used in the assault should be litigated under the procedures of Mich. Comp. Laws §600.4705 in the state district court that had jurisdiction over the criminal proceedings against Heinrich. **(R. 11-15, Pg ID 1141-1142, State Circuit Court Opinion and Order, pp. 7-8)** Although the state judge found it "less clear" whether possession of the other thirteen firearms could only be addressed by the district court, he held that there was no reason to "split" the claim. **(R. 11-15, Pg ID 1142-1143, State Circuit Court Opinion and Order, pp. 8-9)**.

But regardless of forum, the state circuit court judgment declared that Mich. Comp. Laws §600.4705 is *"the specific statute that governs return of property under these circumstances."* **(R. 11-15, Pg ID 1142, State Circuit Court Opinion and Order Granting Judgment, p. 8)**. Therefore, although granting judgment to the sheriff and the Sheriff's Office, the state circuit court did so "without prejudice to plaintiffs bringing their claims in the proper court" - - i.e., bringing a recovery claim under Mich. Comp. Laws §600.4705 in the state district court with jurisdiction over Heinrich's criminal case. **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9)**.

Second, the state circuit court also observed that "Plaintiffs have not provided sufficient evidence for this Court to enter a claim and delivery judgment, even if it were the proper forum." **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9)**.  Thus, the state court held that, absent additional proofs beyond their own say-so, Novak and Wenzel could not obtain possession of the guns by any means in any forum.

Again, neither Novak or Wenzel ever appealed the circuit court judgment. Regardless of any legal objections Novak or Wenzel might have devised against the circuit court's rulings.  Novak and Wenzel are bound by them.

Foregoing any appeal, Novak and Wenzel instead initiated a new case against the "Saginaw County Sheriff's Office" in Michigan's 70th District Court.  But they did not follow the state circuit court's directive to proceed under Mich. Comp. Laws §600.4705.

Instead, Novak and Wenzel again pled their demand for "claim and delivery." **(R. 11-16, Pg ID 1145-1146, State District Court Complaint.**  But having chosen to proceed by claim and delivery, rather than Mich. Comp. Laws §600.4705, Novak and Wenzel had to name a defendant - - and they named an improper defendant (i.e., the Sheriff's "Office").  On competing motions of the parties, the state district court granted summary disposition in favor of the Saginaw County Sheriff's Office on the ground that "the Saginaw County Sheriff's Office is not a legal entity subject to suit

and the Plaintiffs' claim and delivery action is barred by governmental immunity." **(R. 11-24, Pg ID 1252, 1253, State District Court Order, 8/16/21).**

This time, Novak and Wenzel did file an appeal - - back to the state circuit court. **(R. 11-25, Pg ID 1254, Claim of Appeal).** The state circuit court affirmed the state district court judgment.[2]

Novak and Wenzel <u>falsely</u> assert that "*[t]he problem in this case is a paperwork standoff.*" **(Novak/Wenzel Appellant Brief, p. 8).** But Novak and Wenzel have admitted that they have <u>*no*</u> "paperwork" to support their claim of ownership. **(R. 20-9, Pg ID 1621, Novak Affidavit, 3/12/20, ¶ 4; R. 31-6, Pg ID 1855, Novak Declaration, 9/2/21, ¶ 11; R. 20-10, Pg ID 1625, Wenzel Affidavit, 5/15/20, ¶ 5; R. 31-7, Pg ID 1856, Wenzel Declaration, ¶ 5).** No "paperwork standoff" exists.

Moreover, Novak's and Wenzel's arguments in this Court, as in the court below, proceed from the manifestly false proposition that there is no dispute regarding their ownership of the guns. The persistence of Novak and Wenzel in maintaining such falsity has resulted in a stern warning by the district court that:

> . . . Plaintiffs repeatedly echo, without any corroboration, that there is "no dispute" that they "do own the firearms.

---

[2] The state circuit court appellate decision is not part of the record, because it was issued after Novak and Wenzel filed their current appeals to this Court. This Court can take judicial notice of the decision. *Rodic v. Thistledown Racing Club, Inc.*, 614 F.2d 736, 739 (6th Cir. 1980). But it is expected that Novak and Wenzel will not dispute the fact of the affirmance.

> [citation omitted]. But that argument is patently without
> merit. There is a dispute. . . . So Plaintiffs will be placed
> on notice continuing to deny the existence of a genuine
> issue of material fact risks deciding the fact adversely.
>
> **(R. 62, Pg ID 2423-2424, Opinion and Order, 1/9/23,
> pp. 9-10).**

Novak and Wenzel counter that their claim of ownership "has gone unrebutted by

Defendant." **(Novak/Wenzel Appellant Brief, p. 8).** But the question is not

whether their claim can be "rebutted." The question is whether Novak and Wenzel

can first offer proof of ownership that would need to be rebutted. It is absurd to

think that a law enforcement agency would surrender an arsenal of guns to persons

who demand possession with no proof of ownership.

### Procedural Facts.

While the state appeal was pending, Novak and Wenzel filed the present

federal litigation. **(R. 1, Pg ID 1-14, Complaint).** They pleaded - - again - - their

"claim-and-delivery" demand. **(R. 1, Pg ID 7-9, Complaint, Count II).**[3] They

added damage claims under the Fourth, Fifth and Fourteenth Amendments. **(R. 1,

Pg ID 6-7, 9-13, Complaint, Counts I, III, IV, V).**

Before Sheriff Federspiel was served with the Complaint, the district court

stayed the case on the ground of *Colorado River* abstention, with the further

---

[3] Novak and Wenzel acknowledge that "just as in the state court actions," their
complaint seeks "the immediate return of their alleged firearms under Michigan's
Claim-and-Delivery statute." **(Novak/Wenzel Appellant Brief, p. 10).**

suggestion that the case might be barred by the ***Rooker-Feldman*** doctrine.  **(R. 5, Pg ID 106-121, Opinion and Order Staying Case, 11/9/21)**.  Novak and Wenzel appealed.

This Court concluded that neither ***Colorado River*** abstention nor the ***Rooker-Feldman*** doctrine applied, although further development might show *res judicata* to bar the case.  ***Novak v. Federspiel***, No. 21-1722, 2022 WL 3046973 *3 (6th Cr. August 2, 2022).  This Court further observed, however, that its decision "does not diminish the district court's inherent power to manage its docket and stay the resolution of discreet claims until after the state court's proceedings have come to a close." *Id.,* at *2.

On remand, Novak and Wenzel filed a motion for preliminary injunction or "alternatively" for summary judgment as to their Count II ("claim-and-delivery").  **(R. 13, Pg ID 1347-1361, Renewed Motion for Preliminary Injunction or Summary Judgment as to Count II)**.  Sheriff Federspiel filed a counter-motion seeking summary judgment in his favor as to Count II.  **(R. 20, Pg ID 1535-1557, Counter Motion for Summary Judgment)**.  Novak and Wenzel also moved to file an amended complaint predicated primarily (as is their brief to this Court) on the supposed support of the Third Circuit's decision in ***Frein v. Pennsylvania State Police***, 47 F.4th 247 (3rd Cir. 2022).  **(R. 29, Pg ID 1688-1693, Motion to Amend Complaint)**.

By order of November 23, 2022, the district court applied the ***Burford*** and ***Pullman*** abstention doctrines, together with its "inherent authority," to stay the case. The district court also directed the parties to pursue certification of three state-law questions to the Michigan Supreme Court. **(R. 37, Pg ID 2056-2085, Opinion and Order Staying Case, 11/23/22).**

The unappealed state circuit court judgment had directed that possession of the guns must be resolved under Mich. Comp. Laws §600.4705, which is a provision of Michigan's General Forfeiture Act. If it applies, that Act also precludes alternative theories of relief, such as "claim and delivery." Mich. Comp. Laws §600.4703(5). As the district court conceptualized this case, if the parties are required by Michigan law to litigate the possessory claim through Michigan's forfeiture scheme, then all of Novak's and Wenzel's constitutional claims would be avoided. **(R. 37, Pg ID 2077, Opinion and Order Staying Case, p. 22).**

Equally, the district court was concerned about the impact its decision could have upon Michigan's forfeiture system. As stated by the district court:

> The key issue here is whether Michigan's forfeiture statute precludes Plaintiffs' claim-and delivery action. If not, then any purported innocent owner of a property lawfully seized by another could bring a federal §1983 action that would obviate Michigan's entire forfeiture system. Taken to its logical conclusion for context, if the police lawfully seize a criminal's extra guns, then any friend or family member could bring a federal §1983 action for claim-and-delivery of the guns. But what if the third party is merely assisting the defendant to recover the guns? State courts

are best suited to address such matters of property
ownership - - creatures of state law.

**(R. 37, Pg ID 2071, Opinion and Order Staying Case,
11/23/11, p. 16).**

Thus, the district court's certified questions ask the Supreme Court to clarify the

interaction between Michigan's forfeiture statutes and claim-and-delivery. **(R. 37,**

**Pg ID 2085, Opinion and Order Staying Case, 11/23/22, p. 30).**

The certified questions have been presented to the Michigan Supreme Court.

Mich. S. Ct. Docket No. 165282. Briefing was completed on February 27, 2023.

Novak's and Wenzel's brief to this Court is predicated upon the notion that

federal law, particularly the Third Circuit decision in *Frein v. Pennsylvania State*

*Police*, 47 F.4th 247 (3rd Cir. 2022), entitles them to the immediate turnover of the

weapons by the sheriff. Underlaying all of their arguments is the notion that there

is no dispute regarding the ownership of the guns. Again, this is absolutely false,

and the district court has warned Novak and Wenzel that maintaining such a position

is sanctionable. **(R. 62, Pg ID 2423, 2424, Opinion and Order, 1/9/23, p. 9-10).**

Moreover, as demonstrated below, Novak's and Wenzel's legal arguments are

as false as their factual assertions. Taken on their own terms, the rulings of the

district court should be affirmed.

Nevertheless, it remains Sheriff Federspiel's overall position that Novak's and

Wenzel's claims have no merit and are barred by the preclusion doctrines of *res*

*judicata* and collateral estoppel. When the time comes for the district court to rule on the substantive merits of this case, Sheriff Federspiel should be granted summary judgment.

## SUMMARY OF ARGUMENT

Plaintiffs-Appellants Novak and Wenzel cannot complain about the district court addressing their state-law demand for "claim and delivery," before addressing their federal claims. Novak and Wenzel themselves expressly presented their "claim and delivery" count - - alone - - for judgment by way of their "Renewed Motion for Preliminary Injunction or Summary Judgment as to Count II). **(R. 13, Pg ID 1347-1361, Renewed Motion)**. The district court addressed the state-law claim "first," because Novak and Wenzel themselves asked it to.

Thus confronted by the state-law claim, the district court then correctly chose to abstain (by delay, not dismissal) from ruling upon the claim, given that Novak and Wenzel are already subject to an unappealed state-court judgment directing that they must pursue any possessory claim for the guns through the procedures of Mich. Comp. Laws §600.4705, not "claim and delivery." **(R. 11-15, Pg ID 1142-1143, State Circuit Court Opinion and Order Granting Judgment, pp. 8-9)**. The state statutory system expressly precludes alternative possessory actions. Mich. Comp. Laws §600.4703(5).

Concerned not to facilitate a federal avenue by which the state statutory scheme could be evaded (and the integrity of the scheme disrupted), the district court permissibly certified questions regarding the state law issues to the Michigan Supreme Court. With such context, the district court properly abstained from any

immediate decision regarding Novak's and Wenzel's "Count II," under *Burford* abstention, which is particularly concerned to avoid "disruption of a state statutory scheme," where "an erroneous federal decision could impair the state's effort to implement its policy." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 562 (6th Cir. 2010).

Also recognizing that the propriety of the parties' actions under Michigan law would impact the validity of Novak's and Wenzel's federal damage claims, the district court likewise properly abstained under the *Pullman* doctrine. This doctrine calls "most insistently for abstention" when clarification of a state statute will avoid the need for a federal constitutional ruling or significantly modify a federal claim. *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 84 (1975).

The district court has inherent discretionary power to stay proceedings for the purpose of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-5 (1936). Pending potential resolution of its certified state-law questions to the Michigan Supreme Court (that may be dispositive for all claims of Novak and Wenzel in the present case), the district court properly exercised its discretion to stay proceedings pending action upon the certified questions by the Michigan Supreme Court.

Finally, the district court properly exercised its discretion to strike the amended complaint filed by Novak and Wenzel. As a matter of procedure, Novak

and Wenzel expressly sought leave to amend by motion under Fed. R. Civ. P. 15(a)(2), not by right under Fed. R. Civ. P. 15(a)(1).  But without awaiting a ruling by the court on their motion, Novak and Wenzel filed their amended complaint.  The court struck the amended complaint for that reason.  **(R. 37, Pg ID 2084, Opinion and Order Staying Case, 11/23/22, p. 29; R. 41, Pg ID 2190, Opinion and Order Denying Reconsideration, p. 2)**.

Furthermore, the amended complaint would be subject to dismissal as "futile" (as is Novak's and Wenzel's original complaint) on grounds of *res judicata*.  As stated above, Novak and Wenzel are already subject to a judgment in state-court litigation wherein they could have asserted all of the claims alleged in their federal complaints.  Novak and Wenzel are now precluded from asserting those claims in the present federal case.  ***Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Ins.***, ___ U.S. ___, 140 S. Ct. 1589, 1594 (2020), ***Migra v. Warren City School Dist. Bd. of Education***, 465 U.S. 75, 81 (1984), ***Ludwig v. Township of Van Buren***, 682 F.3d 457, 460 (6th Cir. 2012).

## ARGUMENT

I.    **THE DISTRICT COURT PROPERLY CHOSE TO ABSTAIN TEMPORARILY, PENDING A DECISION BY THE MICHIGAN SUPREME COURT REGARDING THE DISTRICT COURT'S CERTIFICATION OF QUESTIONS.**

        **A.**    **Review of the district court's abstention is *de novo*.**

A district court's decision to postpone the exercise of its jurisdiction on ground of *Pullman* abstention is reviewed *de novo*. *Jones v. Coleman*, 848 F.3d 744, 748, 749 (6th Cir. 2017). The same is true for *Burford* abstention. *Saginaw Housing Commission v. Bannum, Inc.*, 576 F.3d 620, 625 (6th Cir. 2009).

        **B.**  **The district court did not abuse its discretion by invoking *Pullman* and *Burford* abstention.**

Novak's and Wenzel's argument against abstention is remarkable for how little it says about the *Pullman* and *Burford* doctrines. Their brief makes only cursory mention of the doctrines in footnotes. **(Novak/Wenzel Appellant Brief, pp. 14-15, Notes 5-6)**.

Instead, Novak and Wenzel assert that the supposed merit of their entitlement to the guns is so clear under *Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022) that the district court "should have opted to undertake their federal claims *first.*" **(Novak/Wenzel Appellant Brief, p. 16)**. Furthermore, they assert that the

district court's concern for clarification of state-law issues is unnecessary, such that *Pullman* and *Burford* concerns are irrelevant in light of *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447 (6th Cir. 2009).

The self-defeating irony of Novak's and Wenzel's argument is that it was Novak and Wenzel themselves who opted to have the district court resolve their state-law demand for claim and delivery (Count II) "first." Upon remand from this Court following their prior appeal, Novak and Wenzel filed their "Renewed Motion for Preliminary Injunction or Alternatively for Summary Judgment as to Count II." **(R. 13, Pg ID 1347-1361, Renewed Motion).** In their argument for the injunction, Novak and Wenzel relied upon Michigan's claim and delivery statute, Mich. Comp. Laws §600.2920, to satisfy the "likelihood of success" element of an injunctive demand. **(R. 13, Pg ID 1356-1357, Renewed Motion, pp. 7-8).** Their alternative demand for "summary judgment" was expressly "as to Count II" of their Complaint, which demands state-law "claim-and-delivery/replevin" **(ECF No. 1, Pg ID 7-9, Complaint, Count II).**

If Novak and Wenzel wanted the district court to address their federal claims "first," they should have sought injunctive relief or summary judgment by reference to their federal claims. But they did not. Instead, they expressly demanded relief by reference to their state-law claim alone. Novak and Wenzel cannot claim "error" on the part of the district court by addressing their state-law claim first, when Novak

and Wenzel themselves demanded that the district court do so. Their argument is utterly frivolous.

Thus confronted by Novak's and Wenzel's motion predicated upon state-law claim and delivery, the district court quite properly considered the *Pullman* and *Burford* abstention doctrines. This is particularly appropriate, given that Novak and Wenzel are bound by the unappealed state circuit court judgment directing them to pursue their possessory demand via Mich. Comp. Laws §600.4705, rather than claim and delivery.

The Supreme Court has "held on numerous occasions," that "abstention is appropriate where an unconstrued state statute is susceptible of construction by the state judiciary which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem." *Bellotti v. Baird*, 428 U.S. 132, 146-7 (1976). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). The cases "that call most insistently for abstention" under the *Pullman* doctrine are those in which clarification of a state statute will avoid the need for a federal constitutional ruling or significantly modify a federal claim. *Harris County Commissioner's Court v. Moore*, 420 U.S. 77, 84 (1975).

Relatedly, abstention under the *Burford* doctrine "is concerned with potential disruption of a state regulatory scheme," where "an erroneous federal court decision

could impair the state's effort to implement its policy." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 562 (6th Cir. 2010).

Focusing specifically upon the state-law "claim and delivery" issue - - that Novak and Wenzel had themselves placed before the court through their "renewed motion" - - *Burford* abstention is particularly appropriate.  Novak and Wenzel are already subject to a state court judgment declaring that Mich. Comp. Laws §600.4705, part of Michigan's General Forfeiture Act, is "*the specific statute that governs the return of property*" in the context presented by Novak and Wenzel.  **(R. 11-15, Pg ID 1142, 10th Cir. Court Opinion and Order Granting Judgment, p. 8).**  The statutory scheme specifically precludes alternative avenues to recover seized property.  Mich. Comp. Laws §600.4703(5).  It would certainly disrupt the state statutory system, if the district court were to declare that Novak and Wenzel could evade Mich. Comp. Laws §600.4705 (and the state circuit court judgment) through invocation of claim and delivery.  This was a specific concern of the district court.  **(R. 37, Pg ID 2071, Opinion and Order Staying Case, 11/23/11, p. 16).**

More broadly, the district court also had to consider the need for later rulings on Novak's and Wenzel's federal claims.  As perceived by the district court, such claims might be eliminated by a state court decision clarifying the appropriate interaction of Mich. Comp. Laws §600.4705 and the alternative of claim and delivery.  "[T]he property rights protected by the Takings Clause are creatures of

state law." ***Cedar Pointe Nursery v. Hassid***, ___ U.S. ___, 141 S. Ct. 2063, 2075-6 (2021). Therefore, if proceedings under Mich. Comp. Laws §600.4705 are the proper means for Novak and Wenzel to assert their claim under state law (particularly given the binding state court judgment that they do so), that reality would confirm that Sheriff Federspiel has not violated the Fifth or Fourteenth Amendments by refusing to surrender the guns to Novak and Wenzel outside those procedures. This renders ***Pullman*** abstention appropriate, because clarification of the state statutes will avoid the need for a Fifth or Fourteenth Amendment ruling.

At present, Michigan law has no judicial guidance with regard to the interaction between Mich. Comp. Laws §600.4705 and claim and delivery. Given that Michigan courts are the "ultimate expositors" in this regard and that both the integrity of the statutes and the validity of the claims presented (both state and federal) depend upon proper construction of the state statutes, the district court properly abstained (*by way of delay, not dismissal*) from ruling upon Novak's and Wenzel's substantive claims. The district court did not err by doing so. Taken on its own terms, the action of the district court should be affirmed.

## II.    THE DISTRICT COURT PROPERLY STAYED PROCEEDINGS.

### A. The district court's decision to stay proceedings is reviewed for an abuse of discretion.

The inherent power of a district court to control the disposition of the cases

on its docket is a matter of discretion. *F.T.C. v. E.N.A. Nationwide, Inc.*, 767 F.3d 611, 626-7 (6th Cir. 2014). Therefore, a decision to stay proceedings is reviewed for an abuse of discretion. *Id.*, at 627. "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Id.*

**B.   The district court did not abuse its discretion by staying proceedings.**

As described above, it was Novak and Wenzel themselves, not the district court, who chose to address the state-law claim and delivery issue "first." Because clarification of state law will have a potentially dispositive impact on the validity of Novak's and Wenzel's claims, and because the integrity of Michigan's statutory system is implicated, the district court properly abstained (i.e., delayed) any decision on the merits of Novak's and Wenzel's claims, while affording the Michigan Supreme Court an opportunity to clarify state law.

With this context, the district court also properly exercised its inherent discretionary authority to stay proceedings pending the result of certifying questions to the Michigan Supreme Court. *Landis v. North American Co.*, 299 U.S. 248, 254-5 (1936). That decision should be affirmed.

**III.   THE DISTRICT COURT PROPERLY STRUCK NOVAK'S AND WENZEL'S AMENDED COMPLAINT.**

### A. The district court's decision to strike the amended complaint is reviewed for an abuse of discretion.

If a district court denies amendment of a complaint on the ground that the amendment would be futile, the decision is reviewed *de novo*. *Swanigan v. FCA US LLC*, 938 F.3d 779, 789 (6th Cir. 2019). But if an amended complaint is struck for procedural impropriety, such action is reviewed for abuse of discretion. *Graves v. Mahoning County*, 821 F.3d 772, 776-7 (6th Cir. 2016), *Doe v. Michigan State University*, 989 F.3d 418, 426 (6th Cir. 2021), *Swanigan v. FCA US LLC*, 938 F.3d 779, 789 (6th Cir. 2019).

In this case, the complaint struck by the district court had been filed by Novak and Wenzel without awaiting an actual ruling by the court on their pending motion to file it. **(R. 37, Pg ID 2084, Order Staying Case, 11/23/22, p. 29)**. This was procedural impropriety, so review on appeal is for abuse of discretion.

### B. The district court did not abuse its discretion by striking Novak's and Wenzel's amended complaint.

The circumstances surrounding Novak's and Wenzel's attempt to amend their complaint are odd - - to say the least. The circumstances are likewise tinged with hypocrisy.

Novak and Wenzel filed their renewed motion for preliminary injunction or, alternatively, summary judgment regarding their Count II (claim and delivery) on

August 4, 2022. **(R. 13, Pg ID 1347-1360, Renewed Motion)**.  The Defendants filed

their response in opposition, together with a counter-motion for summary judgment,

on August 24, 2022.  **(R. 19, Pg ID 1433-1464, Response Opposing Renewed**

**Motion; R. 20, Pg ID 1535-1557, Counter-Motion for Summary Judgment as to**

**Count II)**.   Defendant Federspiel's arguments were based upon *res judicata*,

jurisdiction and immunity - - all issues of law. *Id*.

On September 6, 2022, while the motions were pending, Novak and Wenzel

filed a motion and brief seeking to amend their complaint by reference to Fed. R.

Civ. P. 15(a)(2), on the basis that "[t]he court should freely give leave to amend

when justice so requires." **(R. 29, Pg ID 1692, Motion and Brief for Leave to File**

**Amended Complaint, p. 2)**.  They did <u>not</u> claim entitlement to amend "as a matter

of course" under Fed. R. Civ. P. 15(a)(1).

Indeed, Novak and Wenzel acknowledged that their amendment could be

denied if "futile." **(R. 29, Pg ID 1693, Motion and Brief for Leave to Amend**

**Complaint, p. 3)**.  Rather hypocritically, having themselves moved for summary

judgment, they further argued that the summary judgment sought by Defendant

Federspiel would be "improper" because they had "no opportunity at all for

discovery." **(R. 29, PG ID 1691, Motion and Brief for Leave to File Amended**

**Complaint, p. 1)**.

It was in their *reply* to Sheriff Federspiel's response opposing the motion to

amend that Novak and Wenzel then made terse reference to "amendment by right" under Fed. R. Civ. P. 15(a)(1). Raising an argument for the first time in a reply brief to the district court does not suffice to preserve the issue for appeal. *Barany-Snyder v. Weiner*, 539 F.3d 327, 331-2 (6th Cir. 2008), *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) quoting *Novosteel S.A. v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002).

Moreover, the district court specifically highlighted that it struck the amended complaint, because the Plaintiffs - - having moved for leave - - then filed the amended complaint without the court having rendered a decision. **(R. 37, Pg ID 2084, Opinion and Order Staying Case, 11/23/22, p. 29; R. 41, Pg ID 2190, Opinion and Order Denying Reconsideration, p. 2).** Having presented and argued their amendment as one "by leave," Novak and Wenzel could not properly switch course and act unilaterally in the district court. Nor can they assert in this Court an unpreserved rationale for their actions below.

Furthermore, Novak's and Wenzel's amended complaint is demonstrably frivolous. They predicated their request for amendment upon the Third Circuit decision in *Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022) and the Michigan Supreme Court decision in *Bauserman v. Unemployment Insurance Agency*, 509 Mich. 673, 983 N.W.2d 855 (2022). Neither case supports Novak's and Wenzel's claims against Sheriff Federspiel.

In *Frein*, there was no dispute that the claimants (the parents of the convicted arrestee) were, in fact, the owners of the guns seized from their house at the time of their son's arrest. In that context, the court held they had a right to the return of the firearms following completion of the criminal proceedings against their son.

Such is not the case here. As described above, Novak and Wenzel expressly admit that they have no documentary proof that they own the guns. **(R. 20-9, Pg ID 1621, Novak Affidavit, 3/12/20, ¶ 4; R. 31-6, Pg ID 1855, Novak Declaration, 9/2/21, ¶ 11; R. 20-10, Pg ID 1625, Wenzel Affidavit, 5/15/2, ¶ 5; R. 31-7, Pg ID 1856, Wenzel Declaration, ¶ 5).** Nor have either or Novak or Wenzel produced the license necessary to possess the pistol. As the district court admonished, Novak's and Wenzel's denial of any dispute regarding their ownership is <u>sanctionably</u> false. **(R. 62, Pg ID 24232-2424, Opinion and Order, 1/9/23, pp. 9-10).**

The same distinction negates any reliance by Novak and Wenzel upon the other cases they have cited to demand return of the guns. In *People v. Washington*, 134 Mich. App. 504, 351 N.W.2d 577 (1984) and *United States v. Chambers*, 192 F.3d 374 (3rd Cir. 1999), it was the arrestee who was seeking to recover property seized directly from the arrestee himself. In *United States v. Francis*, 646 F.2d 251 (6th Cir. 1991), the courts *rejected* the claim by the mother of an arrestee for money found with the arrestee's drug paraphernalia, because the courts "simply could not credit" the mother's claim of ownership by her mere say-so - - which is all that

Novak and Wenzel themselves offer here.

The *Bauserman* case is equally unavailing.  Building on its prior decision in *Smith v. Dep't of Public Health*, 428 Mich. 540, 410 N.W.2d 749 (1987), the court confirmed the existence of claims for damages "against *the state* arising from violation by the state of the Michigan Constitution." *Bauserman*, 509 Mich. at 685, 693, 983 N.W.2d at 861-2, 866, *emphasis added*. But the Supreme Court has rejected the notion of "a damage remedy for violation of the Michigan Constitution in an action against a municipality or an individual government employee." *Jones v. Powell*, 462 Mich. 329, 335-6, 612 N.W.2d 423, 426 (2000).  Because municipalities and governmental employees do not have sovereign immunity against the federal claims that would parallel those under the Michigan Constitution, the rational for inferring a cause of action under the Michigan Constitution is missing. *Jones*, 462 Mich. at 336-7, 612 N.W.2d at 426-7.  *Bauserman* does not change this.

More fundamentally, it must be remembered that Novak and Wenzel are subject to two judgments by the Michigan state courts.  These judgments operate as *res judicata* barring any claim by Novak or Wenzel against Sheriff Federspiel relating to possession of the guns.

*Res judicata* encompasses "two distinct doctrines regarding the preclusive effect of prior litigation." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, ___ U.S. ___, 140 S. Ct. 1589, 1594 (2020).  The first doctrine "is issue

preclusion (sometimes called collateral estoppel), which precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Id.* The second doctrine is claim preclusion (sometimes itself called *res judicata,*) which "prevents parties from raising issues the could have been raised and decided in a prior action - - even if they were not actually litigated." *Id.* "[A] federal court must give to a state court judgment the same preclusive effect as would be given to that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984).

With regard to the latter doctrine, Michigan follows "a broad approach to the doctrine of res judicata," which bars not only claims already litigated but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. Michigan*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004), *Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012). The doctrine "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was or could have been resolved in the first." *Adair*, 470 Mich. at 121, 680 N.W.2d at 396. All three criteria are satisfied here.

Both of the prior state court cases resulted in judgments on the merits. In the circuit court action, the court directed Novak and Wenzel to litigate their possessory

claim for the guns in state district court under the statutory provisions of Mich. Comp. Laws §600.4705. **(R. 11-15, Pg ID 1142, State Circuit Court Judgment, p. 8)**. Novak and Wenzel disagree. But they never appealed the decision, so the judgment stands. *Foster v. Foster*, 509 Mich. 109, 121, 983 N.W.2d 373, 379 (2022), quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Likewise, the district court issued a merits decision holding that the Saginaw County Sheriff's Office is not a legal entity subject to suit, and that Novak's and Wenzel's claim and delivery action would be defeated by governmental immunity. **(R. 11-24, Pg ID 1252-1253, 70th District Court Order)**. That order was affirmed on appeal.

The second element for *res judicata* also exists. Novak and Wenzel are the named Plaintiffs in the present federal action and in both prior state court cases. In his "official capacity" in the present case, Sheriff Federspiel is the "Saginaw County Sheriff's Department" - - which was a named defendant in both state court cases. *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). The Sheriff himself was added as a Defendant by the amended complaint in the original state circuit court case.

Moreover, under Michigan law, the employer-employee relationship between a government official and the agency for which he works renders the official in his personal capacity a "privy" of his employing agency. *Viele v. D.C.M.A.*, 167 Mich. App. 571, 579-81, 423 N.W.2d 270, 274 (1988), *McCoy v. Michigan*, 369 Fed.

Appx. 646, 650 (6th Cir. 2010). Therefore, the element of "privity" for application of *res judicata* exists with regard to Sheriff Federspiel in <u>*both*</u> his "official" and "personal" capacities in the present case.

The final element of *res judicata* also exists. It cannot be disputed that Michigan courts hear and resolve claims asserting all of the theories presented by Novak and Wenzel in the present case. ***Peterson Novelties, Inc. v. City of Berkley***, 259 Mich. App. 1, 23-4, 672 N.W.2d 351, 364-5 (2003) (*Fourth Amendment claim for taking and deprivation of property*), ***Whitcraft v. Wolfe***, 148 Mich. App. 40, 384 N.W.2d 400 (1985) (*replevin, specifically authorized by Mich. Comp. Laws §600.2920, now called "claim and delivery" Mich. Ct. R. 3.105*), ***Butler v. Michigan State Disbursement Unit***, 275 Mich. App. 309, 310-11, 312, 738 N.W.2d 269, 270-1 (2007) (*Fifth Amendment taking*), ***York v. Civil Service Commission***, 263 Mich. App. 264, 702-4, 689 N.W.2d 533, 539-40 (2004) (*procedural due process under the Fourteenth Amendment*), ***Morden v. Grand Traverse County***, 275 Mich. App. 325, 333, 738 N.W.2d 278, 283 (2007) (*substantive due process under the Fourteenth Amendment*).

By operation of *res judicata* as claim preclusion, any claim by Novak or Wenzel against Sheriff Federspiel relating to the guns is defeated. Their claim and delivery theory of recovery was asserted in the state courts and litigated against them. Their federal claims for damages could have been raised and litigated in those

cases. Novak and Wenzel are precluded from asserting any of those claims now in federal court.

Likewise, the elements for issue preclusion (collateral estoppel) are satisfied. Under Michigan law, the doctrine of collateral estoppel precludes relitigation in a subsequent action of an issue already decided in a case between the same parties or their privies, where the prior proceeding culminated in a final judgment and the issue was (1) actually litigated and (2) necessarily determined." *People v. Gates*, 434 Mich. 146, 154-5, 452 N.W.2d 627, 630 (1990), *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust Dated June 27, 2022*, 410 F.3d 403, 310 (6th Cir. 2005). Where collateral estoppel is being asserted defensively, it is not necessary that the party doing so have been a named party in the previous litigation. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 691-2, 695, 677 N.W.2d 843, 850 (2004).

The critical reality for the present case is that the issue of the proper procedure for Novak and Wenzel to pursue their possessory claim was actually litigated and decided in the original state circuit court judgment. According to that judgment, the proper course for Novak and Wenzel is to follow the procedures of Mich. Comp. Laws §600.4705 in the state district court. They are bound by that unappealed judgment. They cannot seek possession of the guns through claim and delivery, or through the Fifth or Fourteenth Amendments or through any other procedure, apart

from the statutory procedure that the state circuit court directed them to follow.

In the above context, the amended complaint submitted by Novak and Wenzel would necessarily be dismissed, even if they could have availed themselves of amendment by right under Fed. R. Civ. P. 15(a)(1).  The ultimate result of striking the complaint should be affirmed - - both because Novak and Wenzel waived any argument regarding amendment "of right" by not asserting such basis in their original motion below and because the amended complaint would be "futile."

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above, the decisions by the circuit court to postpone action on grounds of abstention, to stay proceedings and strike the amended complaint were proper.  The district court's decisions should be affirmed.

s/Douglas J. Curlew
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Ph: (734) 261-2400
Primary Email: dcurlew@cmda-law.com
Attorneys for Defendant-Appellee Federspiel

Dated:  April 14, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to the 6th Cir. R. 32(a)(7)(c), the undersigned certifies this brief complies with the type-volume limitations of 6th Cir. R. 32(a)(7)(B).

1.     Exclusive of the exempted portions in 6th Cir. R. 32(a)(7)(b)(iii), the brief contains:

A. 7,280 words.

2.     The brief has been prepared:

B. in proportionally spaced typeface using: "Times New Roman" in font size 14.

s/Douglas J. Curlew
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Ph: (734) 261-2400
Primary Email: dcurlew@cmda-law.com
Attorneys for Defendant-Appellee Federspiel

Dated:  April 14, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  All Attorneys of Record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: N/A.

s/Marie E. Jones
Legal Assistant
Cummings, McClorey, Davis & Acho, P.L.C.

## RECORD APPENDIX MAKING
## DESIGNATION OF DOCUMENTS

| Record Entry No./Page ID | Description |
|---|---|
| R. 1, Pg ID 1-14 | Federal District Court Complaint |
| R. 5, Pg ID 106-121 | Opinion and Order Staying Case, 11/9/21 |
| R. 11-1, Pg ID 898 | State Circuit Court Complaint |
| R. 11-15, Pg ID 1135-1144 | State Circuit Court Opinion and Order Granting Judgment |
| R. 11-16, Pg ID 1145 | State District Court Complaint |
| R. 11-24, Pg ID 1252-1253 | State District Court |
| R. 11-25, Pg ID 1254 | Claim of Appeal to State Circuit Court |
| R. 13, Pg ID 1347-1361 | Plaintiffs' Renewed Motion for Preliminary Injunction or Summary Judgment as to Count II |
| R. 20, Pg ID 1535-1557 | Counter-Motion for Summary Judgment |
| R. 20-2, Pg ID 1559-1576 | Sheriff's Department Crime Report |
| R. 20-3, Pg ID 1577-1594 | Sheriff's Department Photographs |
| R. 20-9, Pg ID 1618-1622 | Novak Affidavits |
| R. 20-10, Pg ID 1623-1625 | Wenzel Affidavits |
| R. 29, Pg ID 1688-1693 | Motion to Amend Complaint |
| R. 31-6, Pg ID 1854-1855 | Novak Declaration, 9/2/21 |
| R. 31-7, Pg ID 1856 | Wenzel Declaration, 9/3/21 |

| **Record Entry No./Page ID** | **Description** |
|---|---|
| R. 37, Pg ID 2056-2085 | Opinion and Order Staying Case, 11/23/22 |
| R. 62, Pg ID 2415-2431 | Opinion and Order, 1/9/23 |