Nos. 22-2088 / 22-2104

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

_____

GERALD NOVAK and
ADAM WENZEL,
*Plaintiffs - Appellants*,

v.

WILLIAM L. FEDERSPIEL,
in his official and personal capacities,
*Defendant - Appellee*

_____

On Appeal from the United States District Court
for the Eastern District of Michigan – Northern Division
Honorable Thomas L. Ludington, District Court Judge

_____

**APPELLANTS' REPLY**

_____

PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ iii

REPLY .............................................................................................. 1

FACTUAL RECAP ........................................................................... 2

RESPONSES TO SPECIFIC ARGUMENTS ................................ 7

I.   There is no legal requirement to have "paperwork" to enjoy ownership ................................................................ 8

II.   The Sheriff's counter-arguments fail as to res judicata and collateral estoppel. ...................................... 10

   A.   The success or failure of the defenses of res judicata or collateral estoppel are not before this Court ................................................................... 10

   B.   But even if this Court takes up the issue, these two defenses do not apply. .............................. 11

III.   Striking the First Amended Complaint was in error. ........... 14

RELIEF REQUESTED ................................................................... 16

CERTIFICATE OF COMPLIANCE ............................................. 17

CERTIFICATE OF SERVICE ....................................................... 18

DESIGNATION OF RELEVANT
DISTRICT COURT DOCUMENTS ............................................. 19

# TABLE OF AUTHORITIES

## CASES

*Adair v. State,*
    680 N.W.2d 386 (Mich. 2004) ........................................................ 14

*Chambers v. Ohio Dep't of Human Servs.,*
    145 F.3d 793 (6th Cir. 1998) ....................................................... 14

*Fox v. Bd. of Regents,*
    134 N.W.2d 146 (Mich. 1965) ...................................................... 12

*Frein v. Penn. State Police,*
    47 F.4th 247 (3d Cir. 2022) ................................................. 1, 2, 5

*Grimmer v. Lee,*
    872 N.W.2d 725 (Mich. Ct. App. 2015) ....................................... 12

*In re Ferranti,*
    934 N.W.2d 610 (Mich. 2019) ...................................................... 12

*Jackson City Bank & Trust Co. v. Fredrick,*
    260 N.W. 908 (Mich. 1935) ........................................................ 12

*LaSalle Bank Midwest, NA v. Computer Business World, LLC,*
    2016 Mich. App. LEXIS 866 (Mich. Ct. App. 2016) ................. 12-13

*McIntyre v. McIntyre,*
    171 N.W. 393 (Mich. 1919) ........................................................ 12

*Migra v. Warren City Sch. Dist. Bd. of Ed.,*
    465 U.S. 75 (1984) .................................................................... 11

*Novak v. Federspiel,*
    2022 U.S. App. LEXIS 21415 (6th Cir. Aug. 2, 2022) ............... 1, 4

*Ostipow v. Federspiel,*
    824 Fed. App'x 336 (6th Cir. 2020) ............................................ 13

*Pennington v. State Farm Mut. Auto. Ins. Co.,*
    553 F.3d 447 (6th Cir. 2009) .......................................................... 1

*Storey v. Meijer, Inc.,*
    429 N.W.2d 169 (Mich. 1988) ....................................................... 14

*Turi v. Main Street Adoption Services, LLP,*
    633 F.3d 496 (6th Cir. 2011) .................................................. 10, 11

<u>STATUTES</u>

M.C.L. § 600.4704 ...................................................................................... 3

M.C.L. § 600.4707 ...................................................................................... 3

<u>COURT RULES</u>

FRCP 15 ..................................................................................................... 15

<u>OTHER</u>

Oral Argument, *Novak v. Federspiel* (No. 21-1722),
    https://bit.ly/NovakCA6 ............................................................. 3

# REPLY

The crux of this appeal is that the District Court under took abstentions in violation of this Court's teaching in *Pennington*.[1] Plaintiffs Gerald Novak and Adam Wenzel argued below that the need for *Pullman* and *Burford* abstentions were completely unnecessary after this case was remanded in *Novak I*[2] because *Frein*[3] provided a clear path for federal relief instead of through the complicated state law claim being plead under the District Court's supplemental jurisdiction. The trial court refused to adopt a "federal-first" approach and, when doing such, needlessly caused "trouble [for] our sister state courts" with state question-certification contrary to *Pennington*. 553 F.3d at 450. Because Novak and Wenzel are the undisputed innocent owners of the firearms and the criminal prosecution of third-party Benjamin Heinrich is fully over, the District Court should have immediately proceeded to the federal claims first and not abstained the case. Reversal is required.

---

[1] *Pennington v. State Farm Mut. Auto. Ins. Co.,* 553 F.3d 447 (6th Cir. 2009)

[2] *Novak v. Federspiel*, 2022 U.S. App. LEXIS 21415 (6th Cir. Aug. 2, 2022)

[3] *Frein v. Penn. State Police*, 47 F.4th 247, 253 (3d Cir. 2022).

## FACTUAL RECAP

The material facts are undisputed. Novak and Wenzel are the respective owners of fourteen firearms. One of the firearms, a New England .410, was used by Benjamin Heinrich to threaten the mother of his child (both of whom were living with Heinrich in Novak's cabin) following an argument regarding the crying infant. It was labelled as a "lover's quarrel." **Police Report, RE 2-2, PageID# 47**. When deputies arrived, they took possession of firearm used by Heinrich and also took thirteen other located firearms for the alleged purpose of "safe keeping." *Id.* **at PageID# 49**. Heinrich was charged, pled guilty to misdemeanor domestic violence, sentenced to probation, completed probation, and has been fully discharged from the state criminal justice system. **Probation Discharge, RE 2-3, PageID# 56.** In other words, all possible "criminal proceedings have concluded." *Frein*, 47 F.4th at 253. And despite the Sheriff's best attempts to divert attention[4] from the unchallenged facts of this case, Heinrich has never sought the firearms back—*because they*

---

[4] In make-weight arguments, the Sheriff tries to create disputes of fact. And yes, the parties have disputes regarding *immaterial* facts, i.e. is Novak's house where Heinrich is decamping a deer-hunting house or a regular manufactured house. But none are important enough to prevent prompt resolution of this case as to *material* facts.

*are not his*. **Heinrich Affidavit, RE 32-12, PageID# 1974.** They belong to Novak and Wenzel—and they want their firearms back. **Novak Decl., RE 13-6, PageID #1379; Wenzel Decl., RE 13-7, PageID #1381**. Novak and Wenzel are innocent owners; they have no criminal records whatsoever. *Id.*; **Novak iChat Report, RE 67-6, PageID# 2506; Wenzel iChat Report, RE 67-7, PageID# 2507**. The Sheriff has not offered any counter-declaration to Novak and Wenzel's sworn declarations of ownership. See Oral Argument (starting at 15:05), *Novak v. Federspiel* (No. 21-1722), [https://bit.ly/NovakCA6](https://bit.ly/NovakCA6).

The genesis of the "tangled knots" in this case, see *id.*, started when Sheriff Federspiel disobeyed state law. When deputies took possession of the firearms, his agency was supposed to "give notice of the seizure of the property" along with any "intent to begin proceedings to forfeit and dispose of the property according to this chapter [M.C.L. § 600.4701 et seq] to each of the persons to whom notice is required to be given under section 4704." M.C.L. § 600.4707(1). That would have included Novak and Wenzel. See M.C.L. § 600.4704(1)(a)-(g). Yet, the Sheriff never issued the notices. Novak and Wenzel were left clueless; so they waited.

After a long silence, the Sheriff's Office was contacted about getting

the firearms back. The response was disrespectful and totally dismissive. **Emails, RE 13-5, PageID# 1376-1378**. "And so the lawsuits began." *Novak I,* 2022 U.S. App. LEXIS 21415.

Today, now nearly four years and several state court cases later, Sheriff Federspiel still won't voluntarily return the firearms. In August 2021, Novak and Wenzel filed a § 1983 action in federal court against Sheriff William Federspiel (in both his individual and official capacities) alleging various violations of their rights under the United States Constitution along with other state claim(s).

The District Court has gone to great lengths to avoid an immediate merits ruling that would promptly return the firearms to Novak and Wenzel. When the District Court first issued a *Colorado River* stay, this Court reversed. *Novak I,* 2022 U.S. App. LEXIS 21415. On remand, the District Court again stayed the case – under *Pullman* and *Burford* abstentions – "so that the parties can certify gateway questions of Michigan's forfeiture statutes to the Michigan Supreme Court" as to how to construe Michigan's Claim-and-Delivery" statute. **Opinion, RE 37, PageID# 2057**. Yet, no party asked to certify any such question, let alone three, to Michigan's highest court.

-4-

Since Novak and Wenzel filed their motion for a preliminary injunction or alternatively early summary judgment in 2021 (see **Motion, RE 2**) and this Court remanded in *Novak I,* two things happened relevant to this case. First, the Third Circuit issued its decision in *Frein* revealing others who had the same legal theories as pled by Novak and Wenzel—and were successful. *Frein*, 47 F.4th at 253 (the non-return of third-party firearms owned by innocent owners). Second, the Sheriff finally answered the complaint long after his deadline, which, as explained below, provided the automatic right for Novak and Wenzel to add other claims (i.e. a Second Amendment claim and other state law claims) via an amended complaint. Both developments changed the posture and direction of the case.

On November 23, 2022, the District Court issued an opinion and order that failed to take into account either development. The decision is a curious one. It never found that a material question of material fact exists. And it also never actually ruled on the request for a preliminary injunction / early summary judgment. Instead, the District Court sua sponte invoked abstention doctrines, certified three questions to the Michigan Supreme Court, and struck Plaintiffs' First Amended

Complaint (despite having an amendment by right). See **Opinion and Order, RE 37, PageID # 2056-2095**. Neither side foresaw or asked for the unique posture the District Court decided to impose.

Novak and Wenzel filed for reconsideration. **Motion, RE 40.** They explained the issuance of *Frein* "renders the complicated procedural thicket of state law 'replevin' totally unnecessary." ***Id.* at PageID # 2139-2140.** Rather than troubling the Michigan Supreme Court with question-certification, the District Court, being faithful to *Pennington*, should instead decide "the federal claims first" rather than "undertaking the more costly and expensive process of question-certification to the Michigan Supreme Court and leaving the federal claims dangling for what will be likely years." ***Id.* at PageID # 2144.** Granting injunctive relief (and later damages for a temporary taking) under the Fifth Amendment and *Frein* would fully moot the need for any question-certification to the Michigan Supreme Court. A federal-first approach is more consistent with *Pennington*'s teaching and is a recognized pathway utilized by federal district courts. See ***Ostipow v. Federspiel*, RE 40-2, PageID # 2168-2170** (applying federal-first approach). Novak and Wenzel were clear to the District Court judge—

…Michigan's criminal property seizure law is total mess. *** What this Court should have done is deem the pending summary judgment motions as moot (due to the First Amended Complaint) and then proceeded to first resolve only the federal claims. Because resolution of the federal takings claims renders the need to resolve the mess of the state law claim as moot, a stay and *Pullman* or *Burford* abstentions are unneeded. **This Court can and should consider the federal claims first** instead of undertaking the more costly and expensive process of question-certification to the Michigan Supreme Court and leaving the federal claims dangling for what will be likely years. In fact, the Court can simply decline supplemental jurisdiction on the grounds the claim-and-delivery claim "raises [] a complex issue of State law," leaving that matter to the state courts to resolve their own messes of their state law on another day (if not mooted by the federal claims). 28 U.S.C. § 1367(c).

**Motion, RE 40, PageID # 2143-2144.** The District Court denied

reconsideration concluding such had a "lack of merit" despite not

addressing *Pennington* in any way. **Opinion and Order, RE 41,**

**PageID # 2189.** Novak and Wenzel appealed.

### RESPONSES TO SPECIFIC ARGUMENTS

Novak and Wenzel rely upon their opening brief. The appealed

issue in this case is clear—did the District Court violate this Court's

teachings in *Pennington* when imposing abstentions despite the fact that

resolving the federal claims first would render any confusion about

Michigan's replevin law moot. The Sheriff never addresses that central

argument head-on. It is because opposition to it would clearly fail. *Frein*

came out after Novak and Wenzel filed for resolution of the claim-and-delivery count (Count II). And the District Court was expressly asked to take a new path forward on the case in light of *Frein*. **Motion, RE 40, PageID # 2143-2144.** This appeal is challenging the District Court's refusal.[5] Instead of addressing that erroneous refusal, the Sheriff takes jabs at side legal issues. These issues fail.

## I.   There is no legal requirement to have "paperwork" to enjoy ownership.

The Sheriff's counsel repeatedly asserts throughout the brief that there is no "proof" of ownership in the firearms by Novak and Wenzel. But that is simply not true. Below, Novak and Wenzel provided sworn declarations. **Novak Decl., RE 13-6**; **Wenzel Decl., RE 13-7.** They are

---

[5] This is why the Sheriff's arguments are so disingenuous. For example, he asserted "[i]f Novak and Wenzel wanted the District Court to address their federal claims first, they should have injunctive relief or summary judgment by reference to their federal claims." **Appellee Br. at 20.** Had *Frein* been issued at the time of filing, Novak and Wenzel would have. *Frein* was issued <u>after</u> "injunctive relief or summary judgment" on the claim-and-delivery count was filed. And after *Frein* was issued, a new pathway forward was explicitly sought by Novak and Wenzel. **Motion, RE 40**. The District Court simply refused. And the Sheriff is wrong that relief under state law would preclude federal relief. Damages are being sought on the denial of property and denial of due process through the date of return of the firearms—whenever that occurs. The federal claims and required remedies will continue regardless if the state law claim is successful or not.

uncontested. Normally, a non-moving party would submit a counter-affidavit to create a material question of fact or provide some other evidence to show that ownership belonged to someone else. The Sheriff has provided nothing to counter Novak and Wenzel's sworn statements. Despite subtly suggesting otherwise, there is no legal requirement to perpetually retain original ownership "paperwork"—like title for a car or a deed for a house—to enjoy ownership of firearms in Michigan. This is not unusual. The undersigned has a mini-refrigerator in his office. There is no longer any paperwork or a receipt from the time of purchase more than decade ago. The undersigned is still its owner despite a lack of original papers. So, even if the Sheriff takes custody of the refrigerator, it is still the undersigned's property even if lacking "paperwork" of when, where, or for how much it was originally purchased. The Sheriff's assertion of "no paper, no ownership" for Novak's and Wenzel's firearms clearly fails as much as it would fail in the undersigned not having the original receipt for the mini-fridge. In short, the sworn declarations of Novak and Wenzel have gone unrebutted and establish the clear fact of uncontested ownership.

## II.   The Sheriff's counter-arguments fail as to res judicata and collateral estoppel.

The Sheriff also tries to argue Novak and Wenzel are already subject to the binding effect of two prior state court judgments. That assertion has not been ruled upon by the District Court and is not before this Court on appeal. It is also legally incorrect.

### A.   The success or failure of the defenses of res judicata or collateral estoppel are not before this Court.

This appeal comes to this Court under the collateral order doctrine due the District Court's invocation of *Pullman* and *Burford* abstentions. See **Appellee Br. at 1** ("forced to accept" this Court has jurisdiction over Novak and Wenzel's collateral order appeal). This limited appeal is not an opportunity to present unresolved defenses for resolution by this Court at this time. The defenses of res judicata and/or collateral estoppel were never decided upon in the lower trial court. The only way this Court can even consider resolving such defenses is if this Court finds the defensive doctrines involve an issue that is "'inextricably intertwined' with matters over which the appellate court properly and independently has jurisdiction." *Turi v. Main Street Adoption Services, LLP*, 633 F.3d 496, 502 (6th Cir. 2011). The inextricably-intertwined standard is "not

meant to be loosely applied." *Id.* at 503. It applies only when "the resolution of the properly appealable issue 'necessarily and unavoidably' decides the non-appealable issue." *Id.* Res judicata and collateral estoppel do not fir the 'necessarily and unavoidably' threshold within an collateral order appeal regarding a challenge to the invocation of *Burford* and *Pullman* abstentions. As such, resolution of these defenses is not within the current jurisdiction of this Court at this time. The Court must pass on taking up the same.

## B.    But even if this Court takes up the issue, these two defenses do not apply.

Under the *Full Faith and Credit Act*, federal courts must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).

The original state court judgment in Michigan's 10th circuit court (which the Sheriff opines directed Novak and Wenzel to pursue their possessory claim under M.C.L. § 600.4705) was a dismissal *without prejudice* due to the lack of jurisdiction. **Opinion and Order, RE 11-15, PageID # 1143**. Under Michigan law, "where a [Michigan] court is without jurisdiction in the particular case, its acts and proceedings can

be of no force or validity, and are a mere nullity and void" and "[a] court which has determined that it has no jurisdiction should not proceed further except to dismiss the action." *Fox v. Bd. of Regents of the Univ. of Mich.*, 134 N.W.2d 146, 149 (Mich. 1965). When a court dismisses for lack of jurisdiction, anything other than dismissal is legally meaningless. *Jackson City Bank & Trust Co. v. Fredrick*, 260 N.W. 908, 909 (Mich. 1935) ("When there is a want … subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction… [and such actions by the court without jurisdiction] *are of no more value than as though they did not exist.*"); see also *In re Ferranti*, 934 N.W.2d 610, 620 (Mich. 2019) (reaffirming *Jackson*).  Relatedly, "a dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *McIntyre v. McIntyre*, 171 N.W. 393, 394 (Mich. 1919); *Grimmer v. Lee*, 872 N.W.2d 725, 729 (Mich. Ct. App. 2015) (citing *McIntyre* approvingly). Put bluntly, "when a case has been dismissed without prejudice, there is no adjudication on the merits and, consequently, *res judicata or collateral estoppel do not apply.*" *LaSalle*

*Bank Midwest, NA v. Computer Business World, LLC*, 2016 Mich. App. LEXIS 866, at *9 (Mich. Ct. App. 2016) (emphasis added). The Sheriff has no counter-explanation under these precedents regarding a state court judgment of dismissal without prejudice that he seeks to rely upon. His argument fails.

As to the second state court judgment (in Michigan's 70th district court), neither Sheriff Federspiel personally nor the government he works for (brought into this federal case by naming him in an official capacity[6]) were parties to that state court judgment. That case sought relief against the "Saginaw County Sheriff's Office" only. The state court determined that the entity named, the Saginaw County Sheriff's Office, "is not a legal entity subject to suit." **State Court Order, RE 11-24, PageID # 1252.** And as the Sheriff's Office itself acknowledged in that proceeding, Wenzel/Novak "never named, identified, or served process on the proper party to this litigation, Saginaw County Sheriff William Federspiel." **Brief, RE 10-14, PageID # 750.**

---

[6] When Sheriff Federspiel "is sued in his official capacity, the law treats that suit as an action against Saginaw County" and not a suit against the Saginaw County Sheriff's Office. *Ostipow v. Federspiel*, 824 Fed. App'x 336, 340 (6th Cir. 2020).

Because Sheriff Federspiel personally or the County of Saginaw (a different entity sued in this case than from previous cases) were never parties to that 70th district court suit, the defenses of res judicata and collateral estoppel also do not apply to this subsequent federal action. *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (requiring the "same parties" for res judicata to apply); *Storey v. Meijer, Inc.*, 429 N.W.2d 169, 171 fn.3 (Mich. 1988) (also requiring the same parties for collateral estoppel to apply). As such, these defenses fail.[7]

## III. Striking the First Amended Complaint was in error.

Finally, Novak and Wenzel argued that a federal-first approach is required. However, what federal claims are actually operative is an issue that is "inextricably intertwined" with matters over which this appellate court has jurisdiction. *Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 797 (6th Cir. 1998).

After this Court vacated the District Court's *Colorado River* stay and remanded in *Novak I*, the Sheriff either refused or neglected to timely answer the complaint. *Frein* then issued which confirmed Novak

---

[7] This is perhaps why, despite making the same argument for res judicata and collateral estoppel repeatedly, no court has accepted the Sheriff's misplaced arguments.

and Wenzel's Fifth Amendment theory, but also revealed another theory
for relief—violation of the Second Amendment. *Frein*, 47 F.4th at 250-
258. Because the Sheriff had not answered the complaint for months but
had filed for summary judgment, Novak and Wenzel made a motion on
September 6, 2022 seeking three forms of relief—1.) leave to amend the
complaint; 2.) require an answer to the amended complaint be filed by
the Sheriff; and 3.) adjourn the Sheriff's premature motion for summary
judgment until such time as an answer is first filed and/or discovery
takes place. **Motion, RE 29, PageID # 1688.** A single day later, the
Sheriff finally filed an answer to the original complaint. **Answer, RE 30,
PageID.1792-1809.** By doing that, Novak and Wenzel's right to amend
their complaint ripened – i.e. a party "may amend its pleading once as a
matter of course within… 21 days after service of a responsive pleading."
FRCP 15(a)(1)(B). This rendered any need for leave of the federal trial
court as moot. Novak and Wenzel filed their First Amended Complaint
twelve (12) days later. **First Am. Compl., RE 35.** The District Court
should not have struck it; it was properly filed pursuant to Rule
15(a)(1)(B).

 In response to the allegation of error, the Sheriff has no counter-

argument—he cannot and did not argue against the notation that an amendment by right exists under Rule 15(a)(1)(B) for Novak and Wenzel. The District Court's sua sponte decision in striking the First Amended Complaint was in error. Reversal is required.

## RELIEF REQUESTED

The Court is requested to direct the District Court to vacate the striking of the First Amended Complaint and remand with instructions to treat that amendment complaint (**RE 35**) as the operative one. The Court is also requested to vacate and reverse the District Court's *sua sponte* order imposing a stay pursuant to "*Pullman* abstention, *Burford* abstention, and th[e District] Court's inherent authority" to certify three questions to the Michigan Supreme Court and instead undertake this case under the federal-first process as outlined herein.

Date: April 17, 2023

s/ Philip L. Ellison
PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

Pursuant to Sixth Circuit Rule 32(a)(7)(C) and Sixth Circuit Rule 32(a), the undersigned certifies that this brief complies with the type-volume limitations of the Sixth Circuit Rule 32(a)(7)(B).

This brief has been prepared in proportional typeface using Century School Book 14-point font. The relevant portion of the brief, including headers and footnotes, contains 3,339 words according to the Word Count feature in the Microsoft Word program, being less than 6,500 words.

The undersigned understands that a material misrepresentation in completing this certificate or circumvention of the type-volume limitations may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

Date: April 17, 2023

s/ Philip L. Ellison
PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of and a copy of such filing to counsel of record at their email address(es) of record.

Date: April 17, 2023

s/ Philip L. Ellison
PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellants

## DESIGNATION OF RELEVANT
## DISTRICT COURT DOCUMENTS

| RE. | PageID Range | Description of the Document |
|---|---|---|
| 2 | #31-445 | Motion |
| 2-2 | #47-55 | Police Report |
| 2-3 | #56 | Probation Discharge |
| 10-14 | #478-758 | Sheriff's Office Brief |
| 11-15 | #1135-1144 | 10th Cir. Ct. Op. & Order |
| 11-24 | #1252 | 70th Dist. Ct. Summary Disposition Order |
| 13-5 | #1376-1378 | Emails |
| 13-6 | #1379-1380 | Novak Declaration |
| 13-7 | #1381-1382 | Wenzel Declaration |
| 29 | #1688-1694 | Motion to Amend |
| 30 | #1792-1809 | Answer |
| 32-12 | #1974-1975 | Heinrich Declaration |
| 35 | #2005-2028 | First Amended Complaint |
| 37 | #2056-2095 | Opinion and Order |
| 40 | #2139-2165 | Motion for Reconsideration |
| 40-2 | #2168-2170 | Order from *Ostipow v. Federspiel* |
| 41 | #2056-2095 | Reconsideration Opinion and Order |
| 67-6 | #2506 | Novak iChat Report |
| 67-7 | #2507 | Wenzel iChat Report |